UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. RAYA, | Case No.: 18cv2643-WQH-BGS |
| Plaintiff, | **ORDER** |
| v. | |
| CALBIOTECH, | |
| Defendant. | |

HAYES, Judge:

On November 19, 2018, Plaintiff Robert Raya initiated this action by filing a Complaint (ECF No. 1) and a Motion to Proceed In Forma Pauperis (ECF No. 2).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

1

The affidavit filed by Plaintiff states that he is unable to pay the costs of these proceedings. (ECF No. 2 at 1). The affidavit states that Plaintiff earns $300 per month from his present employer, receives $352.00 per month in public assistance, and receives $100 a month in "gifts". *Id.* at 2. Plaintiff does not have any bank accounts or assets, and has $50 in cash. *Id.* at 2–3. The affidavit states that Plaintiff's average monthly expenses are $1,357. *Id.* at 5. After considering Plaintiff's motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## II.    INITIAL SCREENING OF THE COMPLAINT

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

In this case, Plaintiff alleges that he worked for Calbiotech, Inc. for eight and a half years, beginning in June 2008, and enrolled in the Company's 401(k) Profit Sharing Plan

in 2009. (Complaint, ECF No. 1 ¶¶ 6, 7). Plaintiff alleges that he "made 7 separate written requests for a copy of the plan description" and that Calbiotech "failed or refused to provide a Summary Plan Description or a written plan description of any kind, as described in 29 U.S.C. 104(b)(4), until after the 7th request." *Id.* ¶¶ 8–9. Plaintiff brings a cause of action against Defendant under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(A)[1] for failure or refusal to comply with a written request for information.

Upon review, the Court concludes that Plaintiff's Complaint adequately states a claim for purposes of the sua sponte screening required under 28 U.S.C. § 1915(e). *See, e.g.*, *Crotty v. Cook*, 121 F.3d 541, 548 (9th Cir. 1997) (confirming that administrator can be liable for statutory damages under 29 U.S.C. § 1132(c)(1) for failing to provide plan information upon request). Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.").

## III. CONCLUSION

IT IS HEREBY ORDERED that the motion to proceed in forma pauperis is GRANTED. (ECF No. 2). The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 and the designated copies of this Order and the Complaint to the U.S. Marshal.

---

[1] Plaintiff cites 29 U.S.C. § 1132(a)(1)(A), however the language Plaintiff quotes in the Complaint can be found at 29 U.S.C. § 1132(c)(1).

3

18cv2643-WQH-BGS

The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

Dated:  January 10, 2019

Hon. William Q. Hayes
United States District Court

18cv2643-WQH-BGS