UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>CALBIOTECH,<br>　　　　　　　　　　Defendant. | Case No.: 18-cv-2643-WQH-BGS<br><br>**ORDER** |
| CALBIOTECH,<br>　　　　　　　　　　Counter Claimant,<br>v.<br>ROBERT RAYA,<br>　　　　　　　　　　Counter Defendant. | |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss Counterclaims filed by Plaintiff/Counter Defendant Robert Raya. (ECF No. 15).

**I.　Background**

　　On November 19, 2018, Plaintiff Robert Raya initiated this action by filing the Complaint. (ECF No. 1). Raya, a former employee of Defendant/Counter Claimant

Calbiotech, Inc. (Calbiotech), alleges in the Complaint that Calbiotech violated ERISA, 29 U.S.C. § 1132, by failing or refusing to provide Plaintiff with a summary plan description of the company's 401(k) profit sharing plan within thirty days of Plaintiff's request. (Compl., ECF No. 1 ¶ 18). Raya seeks statutory penalties. *Id.* ¶ 19. On May 21, 2019, Calbiotech filed a Counterclaim, alleging that Raya breached a separation agreement Raya signed when he left Calbiotech by filing the Complaint. (Counterclaim, ECF No. 14).

On June 13, 2019, Raya filed a Motion to Dismiss Calbiotech's Counterclaim. (ECF No. 15). On July 5, 2019, Calbiotech filed Opposition. (ECF No. 16). No reply was filed.

## II.     Allegations of the Counterclaim

Robert Raya is a former employee of Calbiotech and a participant in Calbiotech's 401(k) profit sharing plan. (Counterclaim, ECF No. 14 ¶ 1). On December 7, 2016, Raya and Calbiotech executed the Separation Agreement. *Id.* ¶ 2. The Separation Agreement, incorporated in the Counterclaim by reference, provides:

> 2. <u>Payment to Employee</u>.
>
> a. In exchange for the covenants and consideration herein, Company will pay to Employee $12,500 (hereinafter "the Severance Payment") as full and complete settlement of any and all disputed claims or potential disputed claims that Employee may have against Company....
>
> 3.  <u>Release</u>.  Employee, on behalf of Employee and Employee's representatives, heirs, successors, and assigns, does hereby completely release and forever discharge Company, including its related or affiliated companies, partnerships, subsidiaries, and other business entities and its and their present and former respective officers, directors, shareholders, owners, agents, employees, representatives, insurers, attorneys, successors, and assigns (referred to collectively as the "Company"), from and against all claims, rights, demands, actions, obligations, liabilities, and causes of action, of any and every kind, nature, and character whatsoever, that Employee has now, has ever had, or may have in the future against Company, or any of them, based on any acts or omissions by Company, or any of them, as of the date of execution of this Agreement by Employee... Employee agrees to waive the right to recover monetary damages in any charge, complaint, or lawsuit filed by Employee or anyone else on Employee's behalf for any Released Claims.
>
> 4. <u>No Legal Action</u>. Employee represents that Employee has not filed,

initiated, or caused to be filed or initiated any legal action covering any Released Claim and agrees that Employee will never file, initiate, or cause to be filed or initiated, at any time after the execution of this Agreement, any claim, charge, suit, complaint, action, or cause of action, in any state or federal court or before any state or federal administrative agency, based in whole or in part on any Released Claim. Further, Employee shall not participate, assist, or cooperate in any suit, action, or proceeding against or regarding the Released Parties, or any of them, unless compelled to do so by law.

5. <u>Release Full and Final</u>. Employee understands and agrees that this is a full and final release covering all unknown and unanticipated injuries, debts, claims, or damages to Employee that may have arisen or may arise in connection with any act or omission by the Released Parties before the date of execution of this Agreement. For that reason, Employee hereby waives any and all rights or benefits that he may have under the terms of California Civil Code §1542[.]

…

7. <u>Review Period</u>. … I have reviewed this release carefully and I fully understand what it means, and I am entering into it knowingly and voluntarily.

8. <u>No Admission of Liability</u>. It is understood and agreed that this a compromise settlement of doubtful and disputed claims, or potential disputed claims, and the furnishing of the consideration for this Agreement shall not be deemed or construed as an admission of liability or responsibility at any time for any purpose. It is further agreed and understood that this compromise and Agreement are being entered into solely for the purpose of avoiding further expense and inconvenience from defending against any or all of the Released Claims.

…

14. <u>No Reliance; Consideration</u>. The undersigned parties each acknowledge that they have entered into this Agreement voluntarily, without coercion, and on the basis of their own judgment and not in reliance on any representation or promise made by the other party, other than those contained in this Agreement. This Agreement recites the sole consideration for the promises exchanged in this Agreement. Each party has read this Agreement and is fully aware of its contents and legal effect.

…

17. <u>Rescission</u>. … This Agreement may only be rescinded within 7 days after it is executed by hand-delivering a written notice of rescission to the President of Company.

*Id.* ¶ 12.

3

18-cv-2643-WQH-BGS

Calbiotech alleges that Raya "forever waived an[d] released any known or unknown claims he had against [Calbiotech]" when Raya signed the Separation Agreement on December 7, 2016. *Id.* ¶ 15. Calbiotech brings a claim against Raya for breach of contract, alleging that Raya breached the Separation Agreement when he filed the Complaint in this matter on November 19, 2018 because "any claims, charges, or causes of action asserted by Plaintiff in his Complaint for which he may have had the potential to recover any statutory penalties arose prior to his execution of the Separation Agreement . . . ." *Id.* ¶ 23.

### III. Motion to Dismiss

#### a. Contentions

Raya contends that he did not breach the Separation Agreement because the Separation Agreement is void and unenforceable. (ECF No. 15-1 at 1). Raya asserts that he was fraudulently induced into signing the Separation Agreement because David Barka, Calbiotech's vice president, "fraudulently concealed material facts and made misrepresentations about Raya's retirement account, which Raya relied on when executing the Separation Agreement." *Id.* at 3. Raya contends that the waiver of unknown or unanticipated claims contained in the Separation Agreement is unenforceable because "[t]here must be independent evidence that the releasing party intended to release unknown claims." *Id.* at 3. Raya's opposition proffers certain facts that Raya contends demonstrate that Raya's execution of the agreement was not knowing and voluntary. *Id.* at 4. Additionally, Raya contends that the Separation Agreement violates California Civil Code § 1668.

Calbiotech contends that "each of Raya's arguments constitute affirmative defenses presenting disputed issues of material fact which may not be asserted by motion to dismiss." (ECF No. 16 at 9). With respect to California Civil Code § 1668, Calbiotech contends that § 1668 is inapplicable to the Separation Agreement because § 1668 only applies to contracts implicating the public interest. *Id.* at 15. Calbiotech further contends that even if § 1668 did apply to the Separation Agreement, the question of whether the Separation Agreement has as its objective "to exempt anyone from responsibility for his

own fraud, or willful injury to the person or property of another, or violation of law" would be a question of material fact which cannot properly be adjudicated on a motion to dismiss. *Id.* at 16.

### b. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." (quoting *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007))); 5B Charles Alan Wright et al., Federal Practice and Procedure § 1357 (3d ed.1998) ("[A] dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which the plaintiff includes allegations that show on the face

of the complaint that there is some insuperable bar to securing relief...."). If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

*ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

### c. Discussion

#### i. Breach of Contract

The elements of a cause of action for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom. *Wall St. Network, Ltd. v. N.Y. Times Co.*, 80 Cal. Rptr. 3d 6, 12 (Ct. App. 2008).

In this case, the Counterclaim alleges that Raya and Calbiotech entered into the Separation Agreement, that Calbiotech paid Raya $12,500.00 pursuant to the Separation Agreement, that Raya breached the Separation Agreement by filing a lawsuit based on claims released under the Separation Agreement, and that Calbiotech suffered injury when it was forced to defend against Raya's lawsuit. At this stage, the Court must accept the facts alleged in the Counterclaim as true. *Iqbal*, 556 U.S. at 678. The Court finds that Calbiotech has alleged a plausible claim for breach of contract.

#### ii. California Civil Code § 1668

California Civil Code § 1668 states, "[a]ll contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his [or her] own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668. However, "[d]espite its broad language, section 1668 does not apply to every contract." *Cregg v. Ministor Ventures*, 196 Cal. Rptr. 724 (Ct. App. 1983) (quoting *Vilner v. Crocker Nat'l Bank*, 152 Cal. Rptr. 850 (Ct. App. 1979)). California courts generally only invalidate contracts under § 1668 when the exculpatory provision involves the public interest or attempts to shield a party from liability for future intentional wrongdoing. *See Tunkl v. Regents of Univ. of*

*Cal.*, 383 P.2d 441, 443 (Cal. 1963) ("In one respect, as we have said, the decisions are uniform. The cases have consistently held that the exculpatory provision may stand only if it does not involve 'the public interest.'"); *Farnham v. Super. Ct.*, 70 Cal. Rptr. 2d 70, 71 (Ct. App. 1997) ("[C]ontractual releases of future liability for fraud and other intentional wrongs are invariably invalidated."); 1 Witkin, Summary of Cal. Law § 660 (10th ed. 2005) ("there can be no exemption from liability for intentional wrong, gross negligence, or violation of law."); *SI 59 LLC v. Variel Warner Ventures, LLC*, 239 Cal. Rptr. 3d 788, 793 (Ct. App. 2018) ("[W]e follow the weight of authority recognizing that section 1668 applies only to concurrent or future torts.").

Raya does not contend that the Separation Agreement implicates the public interest. Moreover, the Separation Agreement explicitly defines released claims as those "that may have arisen or may arise in connection with any act or omission by the Released Parties before the date of execution of this Agreement." (ECF No. 14 ¶ 12). The Separation Agreement does not endeavor to exculpate Calbiotech from liability for future intentional wrongdoing. The Court declines to find the Separation Agreement unenforceable under § 1668.

### iii. Affirmative Defenses

Raya contends that the release of claims clause in the Separation Agreement is void and unenforceable because Raya was fraudulently induced into signing the Separation Agreement and "Mr. Raya did not intend to waive unknown or unanticipated claims or any claims protected by Cal Civil Code 1542." (ECF No. 15-1 at 3).

"The invalidity of a contract may be asserted either as a basis for affirmative relief or as a defense." *Ferguson v. Yaspan*, 183 Cal. Rptr. 3d 83, 89 (Ct. App. 2014), *as modified on denial of reh'g* (Jan. 20, 2015). Here, Raya asserts the invalidity of the Separation Agreement as an affirmative defense. As a basis for Raya's affirmative defense, Raya relies upon communications between Raya and Calbiotech in the Motion to Dismiss that were not included in the Counterclaim. Consequently, the basis of Raya's affirmative defense is not apparent from the face of the Counterclaim and dismissal would be improper

at this stage. *See ASARCO, LLC*, 765 F.3d at 1004 ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."). Moreover, Calbiotech disputes the factual assertions made in Raya's Motion to Dismiss. The Court cannot dismiss the Counterclaim on the basis of disputed factual claims on a Rule 12(b) motion. *See id.* ("If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper.").

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss Counterclaims (ECF No. 15) is DENIED.

Dated: August 15, 2019

Hon. William Q. Hayes
United States District Court