UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>    Plaintiff / Counter-Defendant,<br><br>v.<br><br>CALBIOTECH,<br><br>    Defendant / Counter-Claimant. | Case No.: 3:18-cv-2643-WQH-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR SANCTIONS AGAINST PLAINTIFF**<br><br>**[ECF No. 20]** |

Before the Court is Defendant Calbiotech's ("Defendant") Motion to Compel Responses to Discovery and for Sanctions against Plaintiff. ECF No. 20. Plaintiff Robert Raya ("Plaintiff"), proceeding *pro se*, opposes the motion. ECF No. 24. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.     BACKGROUND

Defendant served Plaintiff with Interrogatories,[1] Requests for Admission,[2] and Requests for Production of Documents[3] (collectively, "Discovery Requests"). ECF No. 20-1 at 2. To date, Defendant has not received responses to any of the Discovery Requests. *Id*. Thus, Defendant filed the instant motion to compel Plaintiff's responses. Additionally, in the same filing, Defendant has moved the Court for an order extending the fact discovery cut-off, deeming the Requests for Admission admitted, and sanctioning Plaintiff for the fees and costs incurred with bringing this motion. *Id*. at 3–4. Plaintiff opposes Defendant's motion, contending that his failure to respond to the discovery requests was based on a misunderstanding. ECF No. 24 at 2.

Defendant served the Discovery Requests on Plaintiff by mail on July 18, 2019. ECF No. 20-1 at 2. Plaintiff's responses were due on August 20, 2019. *See* FED. R. CIV. P. 6(d). One day before the response deadline, however, Defendant sent an email requesting that Plaintiff stipulate to "an extension of the fact discovery deadline in this case from September 10, 2019 to November 8, 2019, . . ." ECF No. 24 at 5. Defendant's counsel told Plaintiff that if he didn't agree to this extension within 48 hours, Defendant would apply ex parte for the extension. *Id*. ("Please let me know whether or not you are willing to

---

[1] In this Order, "Interrogatories" refers to Set One, dated July 18, 2019. *See* ECF No. 20-3 at 2–10.
[2] In this Order, "Requests for Admissions" refers to Set One, dated July 18, 2019. *See* ECF No. 20-4 at 2–7.
[3] In this Order, "Requests for Production of Documents" refers to Set One, dated July 18, 2019. *See* ECF No. 20-5 at 2–9.

stipulate to the above-referenced extension request and I will prepare the necessary paperwork to file with the court. In the event I do not hear from you within 48 hours I will file an ex parte motion with the court seeking the extension"). Plaintiff, who is a *pro se* litigant, understood this to mean that it would extend his deadline to respond to Defendant's Discovery Requests. ECF No. 24; *see also* ECF No. 24 at 2, 7. Given his *pro se* status, this is a reasonable, if mistaken, interpretation of Defendant's demand for an extension.

Defendant's first inquiry as to the whereabouts of Plaintiff's discovery responses was not until August 23, 2019. ECF No. 20-6 at 2 ("My calendar indicates [discovery responses] were due yesterday; however, we did not receive an[y] responses from you. Do you intend to respond to those discovery requests, and if so when can we expect to receive those responses?"). Defendant sent a second email on August 27, 2019, asking for a telephonic meet and confer with Plaintiff. ECF No. 20-7. Plaintiff did not respond, and on August 29, 2019, Defendant's counsel contacted Judge Skomal's chambers to schedule a discovery conference with Judge Skomal. ECF No. 20-1. The discovery conference was scheduled for September 3, 2019. ECF No. 18. Plaintiff failed to appear at the telephonic conference. ECF No. 19. As a *pro se* litigant, Plaintiff does not receive filings via CM/ECF, and instead receives them via U.S. Mail. Plaintiff contends that he did not receive notice of the telephonic conference with Judge Skomal until September 4, 2019, the day after the conference, because the Clerk's Office mailed the notice on September 3, 2019. ECF No. 24 at 2.

Judge Skomal set a briefing schedule allowing Defendant to file this motion and Plaintiff to file an opposition. ECF No. 19. Defendant filed the instant motion on September 10, 2019. ECF No. 20.

## II. LEGAL STANDARD

The party responding to Interrogatories, Requests for Admission, and Requests for Production must serve its responses and any objections within 30 days of being served. FED. R. CIV. P. 33(b)(2) (stating 30-day response limit for interrogatories); FED. R. CIV. P. 34(b)(2)(A) (stating 30-day response limit for requests for production); FED. R. CIV. P.

36(a)(3) (stating 30-day response limit for requests for admission). The propounding party may bring a motion to compel responses to discovery if the responding party fails to respond. FED. R. CIV. P. 37(a)(3)(B). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). A court may deny a motion to compel because of a party's failure to meet and confer prior to filing the motion. *Scheinuck v. Sepulveda*, No. C09-0727-WHA(PR), 2010 WL 5174340, at *1 (N.D. Cal. Dec. 15, 2010).

## III. DISCUSSION

The instant motion arises under Federal Rule of Civil Procedure 37(a), which authorizes a party to apply for an order to compel disclosure or discovery. Defendant's motion seeks a court order (1) compelling Plaintiff to respond to Interrogatories, Requests for Admission, and Requests for Production of Documents; (2) deeming the Requests for Admission admitted; (3) extending the fact discovery cut-off; and (4) sanctioning Plaintiff for the fees and costs incurred with bringing the instant motion. ECF No. 20-1 at 3–4. The Court will address these in turn.

### a. Defendant's Request to Compel Plaintiff to Respond to Defendant's Discovery Requests

Though Plaintiff has presented good cause for misunderstanding the deadline that his discovery responses were due, Plaintiff has not presented any reasons why he should be exempted from responding at all. Despite the motion's shortcomings, as discussed below, the Court finds good cause to **GRANT** Defendant's motion to compel Plaintiff's responses to Defendant's Discovery Requests. Thus, Plaintiff is ordered to comply with Defendant's Discovery Requests. Plaintiff should take seriously this obligation. The Court **ORDERS** that Plaintiff serve his responses to Defendant's Interrogatories, Requests for Admission, and Requests for Production of Documents **no later than November 5, 2019.** This order does not rule on the merits of Defendant's propounded discovery (i.e., whether the questions asked or the documents requested are relevant or proportional). Thus, the

Court reiterates that this order requiring Plaintiff to respond to Defendant's discovery requests does not eliminate Plaintiff's ability to object.[4]

### b. Defendant's Request to Deem the Requests for Admission Admitted

When served with requests for admission, if a party fails to answer or object within the 30-day response period, those matters can be deemed admitted. *See* FED. R. CIV. P. 36(a)(3). However, an order deeming matters admitted is a "severe sanction." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). Where a party fails to produce any response, courts look to whether there has been a request in good faith for an extension of time within which to respond. *See, e.g.*, *Browning v. Lilien*, No. 15cv2208-GPC-BLM, 2016 WL 4917115, at *5–6 (S.D. Cal. Sept. 15, 2016); *Sylvan Learning Ctr. v. Gordon*, No. 98-2146-AJL, 1998 WL 34064495, at *4 (D.N.J. Dec. 15, 1998). Here, Plaintiff "requests the fact discovery deadline be extended to Nov. 8, 2019, as [Defendant's counsel] led him to believe[.]" ECF No. 24 at 3. Though Plaintiff requested that "fact discovery" be extended, the Court liberally construes it as a request to extend the deadline for Plaintiff to respond to Defendant's Discovery Requests. *See, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (stating that federal courts should liberally construe the "'inartful pleading' of pro se litigants"). As previously mentioned, Plaintiff reasonably misunderstood the email from Defendant's counsel, which inquired about extending the fact discovery deadline, as extending his deadline to respond to Defendant's Discovery

---

[4] An objection not raised within 30 days after the responding party has been served is waived, "unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Here, Plaintiff neither objected nor responded to any of Defendant's Discovery Requests. ECF No. 20-1 at 2. However, Plaintiff has provided the Court with an explanation for his failure. Based on Defense counsel's email representations, Plaintiff, proceeding *pro se*, misunderstood that the "2-month extension of fact discovery" to mean an extension on his responses. As such, Plaintiff has established good cause for his failure to respond and therefore has *not* waived any objections to Defendant's Discovery Requests.

Requests. The Court finds that Plaintiff requested in good faith an extension, and therefore **DENIES** Defendant's request to deem the outstanding Requests for Admission admitted.

### c. Defendant's Request to Extend the Fact Discovery Cut-Off

Defendant requests that the Court extend the fact discovery deadline "only so that the discovery deadline does not impact Defendant's ability to receive responses from Plaintiff to the outstanding discovery requests and to take Plaintiff's deposition if deemed necessary." ECF No. 20-1 at 4.

Parties seeking to continue a deadline must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, Defendant presents no evidence that it sought to depose Plaintiff during the four months that fact discovery was open. *See* ECF Nos. 13, 20-1. Instead, Defendant seeks the extension "to take Plaintiff's deposition *if deemed necessary*." ECF No. 20-1 at 4 (emphasis added). Additionally, Defendant knew that it wanted to extend the fact discovery deadline on August 19, 2019, but never requested said extension until its September 10, 2019 motion, over three weeks later. *See* ECF No. 24 at 5 (stating that, on August 19, 2019, "in the event I do not hear from you within 48 hours I will file an ex parte motion with the court seeking the extension requested above[,]" though no ex parte motion was ever filed). Thus, Defendant has not shown the diligence necessary to constitute good cause. Accordingly, the Court **DENIES** Defendant's request to extend the discovery deadline to take Plaintiff's deposition.

Because the Court ordered Plaintiff to respond to Defendant's Discovery Requests after the fact discovery deadline passed, the Court finds good cause and **GRANTS** the

request to extend the fact discovery deadline, <u>only as to Plaintiff's responses to Defendant's Discovery Requests</u>. Should parties have disputes regarding Plaintiff's responses, the Court orders that the parties follow the procedures outlined in its Chambers Rules. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process pursuant to Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than **November 27, 2019**, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy the opposing counsel/party on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court.

### d. Defendant's Request for Sanctions Against Plaintiff

Defendant seeks monetary sanctions against Plaintiff for his failure to provide any discovery responses. ECF No. 20-1 at 5. The Court has great discretion in the imposition of discovery sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Under Rule 37(d)(3), a noncompliant party may be ordered to pay the other party's "reasonable expenses" caused by the failure to comply with the rules of discovery. FED. R. CIV. P. 37(d)(3). However, the "court *must not* order this payment [of reasonable expenses incurred in bringing the motion] if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A) (emphasis added).

Here, the Court questions whether Defendant adequately attempted to obtain the discovery responses without court action. First, Defendant's counsel unreasonably sent an email asking to telephonically meet and confer that same day or the next day. ECF No. 20-7 at 2 ("I would like to have a telephonic meet and confer conference with you today or tomorrow concerning your failure to provide responses. . . Please let me know when is a good time today or tomorrow for you to have this discussion with me."). This is not enough notice. Also, there is no evidence any follow up attempts were made when Plaintiff did not respond within 48 hours, or that any phone calls were made to Plaintiff's phone number listed on CM/ECF or his previous filings. Instead, without meeting and conferring or making a meaningful attempt to do so, Defendant's counsel contacted the Court ex parte. Had Defendant's counsel meaningfully complied with Civil Local Rule 26.1, the Court doubts that this motion would have been filed, since it was based on a clear misunderstanding that reasonable minds could have resolved.

Moreover, in the Southern District of California, "[t]he court will entertain no motion pursuant to Rules 26 through 37 [] unless counsel will have previously met and conferred concerning all disputed issues. . . *If counsel have offices in the same county, they are to meet in person*." CivLR 26.1(a) (emphasis added). Here, Defendant's counsel—with an office in San Diego, i.e., in the same county as Plaintiff's Santee residence—made no effort to meet and confer *in person*, as the Local Rules require. ECF No. 20-7 at 2 ("I would like to have a telephonic meet and confer conference with you today or tomorrow concerning your failure to provide responses"). Thus, even if the Court ignores the short notice in the email or lack of follow up, Defendant's counsel still acted improperly.

Additionally, Defendant filed the instant motion *after* receiving an email from Plaintiff clearly indicating his confusion about the discovery response deadline. *Compare* ECF No. 24 at 7 (Plaintiff's email to Defendant, indicating confusion about the discovery deadlines, sent at 12:19 a.m. on September 10, 2019) *with* ECF No. 20 (the instant motion, filed electronically by Defendant's counsel at 4:16 p.m. on September 10, 2019, i.e., 16 hours *after* Plaintiff's email). Although clearly relevant to the Court's consideration of

Defendant's motion, Defendant did not include Plaintiff's September 10, 2019 email in the discovery correspondence attached to the motion. Defendant's failure to include this email with the motion could be considered sanctionable.

Further, Defendant filed a reply brief that was not permitted by Judge Skomal (*see* ECF No. 19), without first seeking leave of Court. Defendant would have been wise to adhere to Judge Skomal's briefing order. The reply brief violates the Code of Conduct that governs attorney practice in this district. *See* CivLR 83.4. It is replete with unnecessary and disparaging comments about Plaintiff, referring to his "so-called opposition," and accusing Plaintiff of dishonesty, bad faith, and improper motives. Lawyers are officers of the Court, and it is a privilege to hold that position. They are expected to abide by the Code of Conduct and treat all opposing parties, including *pro se* plaintiffs, with civility and respect. Before seeking sanctions from the Court, Defendant should be sure its own hands are clean.

For the reasons mentioned above, as well as the Court's previous determination that Plaintiff's failure to respond was substantially justified, the Court **DENIES** Defendant's request for sanctions.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion as follows:

(1) Defendant's motion to compel Plaintiff's responses to Defendant's Discovery Requests is **GRANTED**. The Court orders that Plaintiff serve his responses to Defendant's Interrogatories, Requests for Admission, and Requests for Production of Documents **no later than November 5, 2019**;

(2) Defendant's request to deem the outstanding Requests for Admission admitted is **DENIED**;

(3) Defendant's request to extend the discovery deadline to take Plaintiff's deposition is **DENIED**;

(4) Defendant's request to extend the fact discovery deadline as to Plaintiff's responses to Defendant's Discovery Requests is **GRANTED**. After meeting and

conferring, should the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than **November 27, 2019**;

(5) Defendant's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 8, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge