UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                      Plaintiff,<br><br>v.<br><br>CALBIOTECH,<br><br>                      Defendant. | Case No.: 18-cv-2643-WQH-BGS<br><br>**ORDER** |
| CALBIOTECH,<br><br>                      Counterclaimant,<br><br>v.<br><br>ROBERT RAYA,<br><br>                      Counterdefendant. | |

HAYES, Judge:

    The matter before the Court is the Motion for Dismissal Sanctions and Monetary Sanctions filed by Defendant Calbiotech, Inc. (ECF No. 21).

**I.    BACKGROUND**

    On November 19, 2018, Plaintiff Robert Raya, proceeding *pro se*, initiated this action by filing a Complaint against Defendant Calbiotech, Inc. ("Calbiotech"). (ECF No. 1). In the Complaint, Raya, a former employee of Calbiotech, alleges that Calbiotech violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, by failing or refusing to provide Raya with a summary plan description of Calbiotech's 401(k) profit sharing plan within thirty days of Raya's request. Raya seeks statutory penalties.

On May 21, 2019, Calbiotech filed a Counterclaim against Raya. (ECF No. 14). Calbiotech alleges that by filing the Complaint, Raya breached a separation agreement Raya signed when he terminated his employment with Calbiotech. Calbiotech seeks declaratory relief, an order requiring Raya to pay back $12,500 in severance pay Raya received from Calbiotech, and attorneys' fees and costs.

On June 13, 2019, Raya filed a Motion to Dismiss Calbiotech's Counterclaim. (ECF No. 15). On August 15, 2019, the Court denied Raya's Motion to Dismiss. (ECF No. 17). On September 10, 2019, Calbiotech filed 1) a Motion to Compel Responses to Discovery and for Sanctions (ECF No. 20); and 2) the Motion for Dismissal Sanctions and Monetary Sanctions currently before the Court (ECF No. 21). In the Motion for Dismissal Sanctions, Calbiotech requests the Court dismiss Raya's Complaint and order monetary sanctions pursuant to Federal Rule of Civil Procedure 37(d)(3) for Raya's failure to respond to Calbiotech's Interrogatories. Calbiotech further requests the Court enter default judgment against Raya for Raya's failure to file an answer to Calbiotech's Counterclaim.

On October 2, 2019, Raya filed an Answer to Calbiotech's Counterclaim. (ECF No. 26). On October 4, 2019, Raya filed a Response in Opposition to Calbiotech's Motion for Dismissal Sanctions. (ECF No. 28). In the Response, Raya requests the Court deny Calbiotech's Motion for Dismissal Sanctions and grant Raya leave to file his Answer to Calbiotech's Counterclaim. Raya contends that he believed an August 19, 2019, email from Calbiotech's attorney, Corey Schechter, stating that Schechter planned to file an *ex parte* motion seeking a two-month discovery deadline extension, meant that the case was in "a two-month delay." (*Id.* at 2). Based on this mistaken belief, Raya "took the opportunity to focus on some personal matters that he could no longer neglect" and did not check his email until September 4, 2019. (*Id.*) Raya contends:

> Mr. Raya opened his mail after 1 ½ weeks to find 2 messages from Mr. Schechter, 1 email from Judge Skomal's Chambers, 2 new Orders from the court, 1 Failure to Appear, and 1 new deadline[.] In the confusion and panic that ensued, Mr. Raya missed the Sep 9th deadline to Answer Calbiotech's Counterclaim.

(*Id.*).

On October 8, 2019, Magistrate Judge Allison H. Goddard issued an Order granting in part and denying in part Calbiotech's Motion to Compel. (ECF No. 29). Judge Goddard ordered Raya to serve responses to Calbiotech's Interrogatories, Requests for Admission, and Requests for Production of Documents by November 5, 2019. Judge Goddard extended the fact discovery deadline as to Raya's responses until November 27, 2019.

On October 10, 2019, Calbiotech filed a Reply in support of its Motion for Dismissal Sanctions. (ECF No. 30). Calbiotech withdrew its request for dismissal and monetary sanctions pursuant to Rule 37(d)(3). In the Reply, Calbiotech opposes Raya's request for leave to file his Answer to Calbiotech's Counterclaim. Calbiotech contends that Raya fails to show good cause for granting Raya's request to file his Answer. Calbiotech contends that Raya's failure to check his email until September 4, 2019, does not explain why Raya missed the September 9, 2019, deadline to answer the Counterclaim by more than three weeks. Calbiotech contends that, absent an extension of time, Raya's Answer is untimely and should be stricken. Calbiotech maintains its request the Court enter default judgment on the Counterclaim against Raya.

## II. DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure governs the deadlines to file responsive pleadings. Rule 12(a)(4)(A) provides that, if the court denies a pre-answer motion, then the answering party must serve a responsive pleading "within 14 days after notice of the court's action." Rule 55 sets forth a two-step process for obtaining default judgment against a non-responsive party. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter a party's default. *Id.*; Fed. R. Civ. P. 55(a). An entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party's default has been entered, provided certain

3

19-cv-1239-WQH-BGS

conditions are met, the court has discretion to enter a default judgment. *Eitel*, 782 F.2d at 1471-72; Fed. R. Civ. P. 55(b).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court further has "inherent power" to sanction a party by striking an answer. *McCabe v. Arave*, 827 F.2d 634, 639 n. 5, 640 (9th Cir. 1987). District courts have "inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). Issuing a terminating sanction is "very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotation omitted). Striking an untimely answer or entering default judgment as a sanction is justified only where a party has exhibited "willfulness, bad faith, or fault." *McCabe*, 827 F.2d at 640; *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1055 (9th Cir. 2001).

In this case, neither Party has complied with the procedural rules. Raya failed to respond to the Counterclaim by the September 9, 2019, deadline.[1] Raya then failed to seek an extension of time from the Court before filing the Answer. Calbiotech failed to seek entry of default before requesting the Court enter default judgment. Calbiotech improperly moves to strike Raya's Answer in its Reply.

Courts in this circuit regularly deny motions for default judgment where default has not been previously entered. *See, e.g., Arunachalam v. Stanford Health Care*, No. 18-cv-13995-TSH, 2018 U.S. Dist. LEXIS 155780, at *1 (N.D. Cal. Sep. 12, 2018) (holding that motion for default judgment is "improperly before this Court" because default had not been entered); *Marty v. Green*, No. 2:10-cv-01823 KJM KJN PS, 2011 U.S. Dist. LEXIS 11180, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default

---

[1] The Court issued an Order denying Raya's Motion to Dismiss Counterclaims on August 15, 2019. (ECF No. 17). Both Parties agree Raya's deadline to respond to the Counterclaim was September 9, 2019.

judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); *Norman v. Small*, No. 09cv2235 WQH (NLS), 2010 U.S. Dist. LEXIS 133507, at *6 (S.D. Cal. Dec. 14, 2010) (denying motion for default judgment where "the clerk has not entered default"). Calbiotech failed to follow the "two-step process." *Eitel*, 782 F.2d at 1471. Raya's default has not been entered. Calbiotech's request the Court enter default judgment against Raya is not properly before this Court.

Calbiotech further fails to provide a basis for the Court to exercise its inherent power to sanction Raya by entering default judgment. Raya filed an Answer and has demonstrated an intent to defend the Counterclaim against him. Raya did not intentionally fail to answer the Counterclaim. The Court cannot conclude that Raya has demonstrated willfulness, bad faith, or fault sufficient to impose the "severe" sanction of default judgment. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. Calbiotech's request for default judgment is denied.

Calbiotech fails to provide a basis for the Court to strike Raya's Answer. Calbiotech does not contend the Answer contains any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter pursuant to Rule 12(f). Calbiotech fails to provide a basis for the Court to conclude Raya exercised bad faith such that the Court should exercise its inherent power to strike the Answer. *McCabe*, 827 F.2d at 640; *see Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE, 2013 U.S. Dist. LEXIS 79235, at *4-5 (E.D. Cal. Jun. 5, 2013) (citing cases and explaining that "federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . . is not, by itself, a sufficient reason for granting a motion to strike").

Raya's failure to timely respond to the Counterclaim was not intentional. *See U.S. v. Mesle*, 615 F.3d 1085, 1091-92 (9th Cir. 2010) (setting aside default for good cause where the defendant did not "*intentionally* fail to answer" or act with "bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process") (quotation omitted). Raya has demonstrated an intent to defend the claim against him and has proffered facts that, if true, constitute a

defense that his waiver of his right to sue was not "knowing and voluntary." *Mesle*, 615 F.3d at 1094; *Gonda v. Permanente Med. Grp. Inc.*, 691 Fed. App'x 397, 399 (9th Cir. 2017); *see Rombiero v. Unum Life Ins. Co. of Am.*, 761 F. Supp. 2d 862, 869 (N.D. Cal. 2010) (explaining that waivers of ERISA claims require a "heightened scrutiny" such that "courts are obligated to 'scrutinize an ostensible waiver with care in order to ensure that it reflects the purposeful relinquishment of an employee's rights'") (quoting *Morais v. Central Beverage Corp. Union Employees' Supplemental Retirement Plan*, 167 F.3d 709, 713 (1st Cir. 1999)). Calbiotech is not prejudiced by the untimely Answer. Judge Goddard extended the deadline for Raya to respond to Calbiotech's written discovery requests until November 5, 2019, and extended the fact discovery deadline as to Plaintiff's responses through November 27, 2019. Calbiotech propounded written discovery on both the Complaint and Counterclaim and seeks responses related to the defenses raised in Raya's Answer. Good cause exists for the Court to accept the late filing of Raya's Answer. Calbiotech's request the Court strike Raya's Answer to the Counterclaim is denied.

## III. CONCLUSION

IT IS HEREBY ORDERED that Motion for Dismissal Sanctions and Monetary Sanctions filed by Defendant Calbiotech, Inc. (ECF No. 21) is DENIED.

Dated: November 4, 2019

Hon. William Q. Hayes
United States District Court

6

19-cv-1239-WQH-BGS